UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ABUWI M. WAHEED,

               Plaintiff,

    -against-

The City of New York Gun and License Div.,
The City of New York and the Department of
Sanitation, the City of New York and N.Y.P.D.
Det. STEVEN SWANTEK, The City of New
York and N.Y.P.D. P.O. COX,

               Defendants.
-------------------------------------------------------------x

**OPINION AND ORDER**
07-CV-179 (SJF)

FEUERSTEIN, J:

I.     Introduction

    *Pro se* Plaintiff Abuwi M. Waheed brings this action pursuant to 42 U.S.C. § 1983. He seeks injunctive relief and damages. Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this Order and plaintiff is directed to submit an amended complaint within thirty (30) days of the date of this Order.

II.    Allegations

    Plaintiff's complaint contains many unrelated statements. For example, plaintiff alleges he experienced "problems in coping with military life" in 1982; he describes a state court proceeding which he commenced when he applied and was denied a handgun license based on his prior arrests; and he makes unclear allegations against defendants Swantek and Cox. (Complaint, dated Jan. 8, 2007 ["Compl."] ¶¶ 1-4, Exs). Plaintiff appealed the denial of the handgun license by filing an Article 78 petition in state court. By order dated November 16, 2006, Justice Eileen Bransten of the Supreme Court of the State of New York, New York County, denied plaintiff's

petition. Plaintiff further alleges that "[t]hese culprits are so over powering with their 'mind kill' [t]hat these culprits are 'in tune' like sitting in his car." (Compl. ¶ 4). Plaintiff seeks a gun license, damages from the Department of Sanitation for his termination in June 1982, and damages from Detective Swantek and Police Officer Cox for "[their] illegal procedure of demo that creates a long period of mental torment." (Compl. ¶ 5).

## III.  Discussion

### A. Legal Standard

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quotations omitted); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, pursuant to the *in forma pauperis* statute, the Court shall dismiss a complaint "at any time" if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998).

### B. Analysis

In order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, that "the conduct

2

complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress of the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

### i. City Agencies Are Not Liable Under § 1983

To the extent plaintiff seeks to sue agencies of the City of New York, such as the Gun and License Division and the New York City Police and Sanitation Departments, the claims against these defendants are dismissed as these agencies lack independent legal existence and therefore are not suable entities. Lauro v. Chase, 219 F.3d 202, 205 n.2 (2d Cir. 2000); Flemming v. New York City, No. 02 Civ. 4113 (AKH), 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003); Bailey v. New York City Police Dep't, 910 F.Supp. 116, 117 (E.D.N.Y. 1996). The New York City Charter provides that [a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and not that of any agency, except where otherwise provided by law." N.Y.C. Charter, Ch. 17, § 396. Therefore, the claims against the City Defendants are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### ii. Department of Sanitation Claim Time-Barred

It appears that plaintiff challenges his termination from the Department of Sanitation in June of 1982. Plaintiff's claim, pursuant to 42 U.S.C. § 1983, is time-barred. See Owens v. Okure, 488 U.S. 235 (1989); Wilson v. Garcia, 471 U.S. 261 (1985).

### iii. Claims Against Swantek and Cox

Plaintiff's claims against Detective Steven Swantek and Police Officer Cox do not comply

3

with federal pleading requirements. Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Rule 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." The purpose of Rule 8 is to give a defendant fair notice of the claim or claims asserted so as to enable him or her to answer and prepare for trial. See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

C.    Leave to Amend

A plaintiff must disclose sufficient information to permit the defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). Because the claims against defendants Swantek and Cox are unclear at best, plaintiff shall amend his complaint to give defendants Swantek and Cox adequate notice of the claim or claims raised therein. The amended complaint must contain a concise, simple and direct explanation of what defendants Swantek and Cox allegedly did or failed to do as well as the date(s) and location of all relevant events.

IV.    Conclusion

Accordingly, the complaint is dismissed as to the City of New York Gun and License Division, the City of New York Department of Sanitation and the City of New York Police Department pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to these defendants.

Plaintiff is directed to file an amended complaint against Swantek and Cox which

4

complies with Fed. R. Civ. P. 8 within thirty (30) days from the date of this Order. The

submission must be captioned, "AMENDED COMPLAINT," and bear the same docket number

as this Order, 07-CV-179 (SJF). All further proceedings shall be stayed for thirty (30) days. If

plaintiff fails to amend his complaint within thirty (30) days as directed by this Order or the

submission fails to comply with the requirements under Fed R. Civ. P. 8, the complaint shall be

dismissed in its entirety and judgment shall enter. The Court certifies, pursuant to 28 U.S.C. §

1915 (a)(3), that any appeal from this Order would not be taken in good faith and therefore *in

forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438,

444-45 (1962).

IT IS SO ORDERED.

_____

SANDRA J. FEUERSTEIN
United States District Judge

Dated: Brooklyn, New York
       January  3 /    , 2007

Copy To:

Abuwi M. Waheed
33 St. Marks Place
Brooklyn, NY 11217