UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ABUWI M. WAHEED,

        Plaintiff,     **OPINION AND ORDER**
 -against-            07-CV-179 (SJF)

THE CITY OF NEW YORK, DETECTIVE STEVEN
SWANTEK; POLICE OFFICER COX and
THE CITY OF NEW YORK,

        Defendants.
----------------------------------------------------------------x
FEUERSTEIN, J:

I. Introduction

*Pro se* plaintiff Abuwi M. Waheed brings this action pursuant to 42 U.S.C. §1983 seeking injunctive relief and damages. By order dated January 31, 2007 ["January Order"], the Court granted plaintiff's request to proceed *in forma pauperis*, dismissed the complaint in part and directed plaintiff to file an amended complaint within thirty (30) days of the date of the January Order.

II. Allegations

The original complaint was dismissed against defendants Steven Swantek (Swantek) and Police Officer Cox (Cox), *inter alia*, because it did not provide a clear statement of plaintiff's claims against those defendants. For example, plaintiff sought damages against Swantek and Cox (collectively, defendants) for "[their] illegal procedure of demo that creates a long period of mental torment." (Complaint dated Jan. 8, 2007 ["Compl."] at ¶ 5). The amended complaint is only slightly more informative and continues to describe defendants' conduct as "demo." (Amended Complaint dated Feb. 28, 2007 ["Am. Compl."] at 1-2). Plaintiff claims that

Swantek's "demo" conduct occurred on January 31, 1995 and that Cox's "so-called arrest" occurred on October 20, 1999. (Am. Compl. at 2).

III. Discussion

A. Claims Against Swantek and Cox are Time-Barred

Even assuming that the amended complaint complied with Rule 8 of the Federal Rules of Civil Procedure and provided a cognizable claim against defendants pursuant to 42 U.S.C. §1983, the complaint is dismissed as time-barred. To the extent plaintiff's claims are comprehensible, he describes events which occurred in 1995 and 1999, respectively. The complaint was filed on January 10, 2007. Claims in a New York forum pursuant to 42 U.S.C. §1983 must be commenced within three years of the alleged violation. See Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 28 (1985), superceded by statute on other grounds as recognized by Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377-381, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004).

IV. Conclusion

Accordingly, this action, filed *in forma pauperis*, is dismissed in its entirety pursuant to 28 U.S.C. §1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied

2

for the purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment in favor of defendants and to close this case.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: Brooklyn, New York
April 22, 2007

Copy to:
Abuwi M. Waheed
33 St. Mark's Place
Brooklyn, NY 11217